Gary K. MOSEL, Appellant,

v.

HILLS DEPARTMENT STORE, INC., Appellee.

No. 85–3567.

United States Court of Appeals, Third Circuit.

May 1, 1986.

Stephen D. Wicks, Altoona, Pa., for appellant.

James B. Brown, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In this employment discrimination case, the district court granted defendant's motion to dismiss the complaint as untimely filed. We will affirm.

The relevant facts are not in dispute. On April 17, 1984, plaintiff Gary K. Mosel filed a charge against defendant Hills Department Store, Inc. with the Equal Employment Opportunity Commission (EEOC), alleging that he was terminated from his job in retaliation for filing earlier sex discrimination complaints against defendant. On December 3, 1984, plaintiff, through his attorney, requested that the EEOC issue a right-to-sue letter permitting suit in federal court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–3, 2000e–5 (1982).

The EEOC issued the requested letter on December 31, 1984, and plaintiff's attorney received it on January 2, 1985. Plaintiff's Title VII complaint was filed on April 3, 1985, ninety-one days after receipt of the right-to-sue letter.[1] Defendant filed a motion under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint as well as plaintiff's amended complaint. Defendant averred that the district court lacked subject matter jurisdiction because of plaintiff's failure to comply with the requirement that a Title VII complaint be filed within ninety days after the plaintiff receives notice of the EEOC's decision not to take action itself. 42 U.S.C. § 2000e–5(f)(1) (1982). The district court granted the motion, and plaintiff filed a timely appeal.

Plaintiff, who was represented by counsel at every stage of these proceedings, offers no excuse for the delay in filing. Rather, he insists that the ninety-day period detailed in § 2000e–5(f)(1) should be extended pursuant to the Federal Rules of Civil Procedure provision concerning service by mail. See Fed.R.Civ.P. 6(e).

Section 2000e–5(f)(1) provides that if the EEOC dismisses a charge or takes no action within a specified period of time it "shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...." This provision has been construed liberally such that the time for filing a complaint begins to run when the plaintiff has notice of the EEOC decision; this usually occurs on the date he receives a right-to-sue letter. See, e.g., Law v. Hercules, Inc., 713 F.2d 691 (11th Cir.1983); see also Hornsby v. United States Postal Service, 787 F.2d 87, at 89–90 & n. 3 (3d Cir.1986). Indeed, the EEOC's form right-to-sue letter itself

---

1. Other courts have held that, absent equitable considerations not present here, counsel's receipt of a right-to-sue letter is imputed to plaintiff. See, e.g., Josiah-Faeduwor v. Communications Satellite Corp., 785 F.2d 344 (D.C.Cir.1986) (per curiam). In this matter, plaintiff does not dispute this proposition and concedes that he received effective notice on January 2, 1985.

states that a plaintiff has ninety days after *receiving* the letter in which to file suit.

Federal Rule of Civil Procedure 6(e) states:

Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

██ This rule is plainly inapposite to the present case. It applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail. The Title VII provision, in contrast, requires that a complaint be filed within ninety days after the plaintiff actually receives notice of the EEOC's decision. An additional period to compensate for mailing time is irrelevant and inappropriate.[2]

Plaintiff's complaint, filed over ninety days after receipt of the right-to-sue letter, was therefore untimely, and he has failed to state any equitable reason for disregarding the statutory requirement. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984) (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir.1982)).

In concluding that the district court did not err in dismissing plaintiff's complaint as untimely and in refusing to apply Rule 6(e) in this case, we agree with the decision reached in an identical situation in *Norris v. Florida Department of Health and Rehabilitative Services*, 730 F.2d 682 (11th Cir.1984), and decline to follow *Tavernaris v. Beaver Area School District*, 453 F.Supp. 355 (W.D.Pa.1978) (applying Rule 6(e) by "analogy" to extend the statutory period for filing a Title VII complaint).

The order of the district court will be affirmed.

---

2. The Supreme Court has suggested that Rule 6(e) is applicable in the present context if the parties dispute the date on which the plaintiff received notice of the EEOC's determination. In that situation, Rule 6(e) would create a presumption that the notice was received three days after it was mailed. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984). In this matter, however, the parties agree as to the actual date of receipt of the EEOC letter. *Cf. Hornsby, supra* (concerning acts that constitute notice by mail).