**Cynthia A. EBBERT, Plaintiff,**

v.

**DAIMLERCHRYSLER CORPORATION, Defendant.**

**No. C.A. 01–29 GMS.**

United States District Court, D. Delaware.

Feb. 8, 2002.

**304**

Gary W. Aber, Heiman, Aber, Goldlust & Baker, Wilmington, DE, for Plaintiff.

David E. Brand, Prickett, Jones & Elliott, Wilmington, DC, Gary M. Smith, Kristine K. Kraft, Lewis, Rice & Fingersh, St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

SLEET, District Judge.

## I. INTRODUCTION

On January 16, 2001, the plaintiff, Cynthia A. Ebbert ("Ebbert"), filed the above-captioned action against her employer, DaimlerChrysler Corporation ("Daimler-Chrysler"). In her complaint, she alleges that DaimlerChrysler failed to reasonably accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

Presently before the court is Daimler-Chrysler's motion for summary judgment. Because the court finds that Ebbert's complaint was untimely filed, it will grant DaimlerChrysler's motion.

## II. STANDARD OF REVIEW

The court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Boyle v. County of Allegheny, Pennsylvania, 139 F.3d 386, 392 (3d Cir.1998). Thus, the court may grant summary judgment only if the moving party shows that there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. See Boyle, 139 F.3d at 392. A fact is material if it might affect the outcome of the suit. Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. Id. In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. Id.; see also Assaf v. Fields, 178 F.3d 170, 173–174 (3d Cir. 1999).

With these standards in mind, the court will describe the facts that led to the motion presently before the court.

## III. BACKGROUND

Ebbert was employed by DaimlerChrysler at its Newark, Delaware assembly plant as an apprentice in a four-year pipefitter apprentice program. On September 7, 1995, Ebbert was injured in a motor vehicle accident. As a result of that accident, she sustained a spinal cord injury which resulted in complete paraplegia from the waist down. Ebbert contends that she expressed a desire to continue working for DaimlerChrysler in some capacity after her accident, but they refused to accommodate her disability.[1]

On April 28, 1997, Ebbert filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). At that time, she resided at 138 Conowingo Rd., Conowingo Maryland. On February 24, 1998, she informed the EEOC that she had moved to 805 Conowingo Rd.

On March 17, 1999, Ebbert received a letter from Howard Gurmankin ("Gurmankin"), a Supervisory Investigator with the EEOC. The letter informed her that the EEOC was going to dismiss her case, and stated, in part, "[t]he Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want pursue this matter further." In response to this letter, Ebbert telephoned Gurmankin to inquire about when she would receive her right to sue letter. At her deposition, Ebbert testified that Gurmankin told her at that time that her letter "was in the mail, it was probably [on] the secretary's desk, be patient, it will get to you."

After one month had passed, and she had not received her right to sue letter, she called the EEOC again. Gurmankin informed her that the investigation into her case had been closed prematurely. As a result, the EEOC had decided to reopen her case for additional investigation. After additional investigation, however, the EEOC again denied Ebbert's claim. The EEOC case log recorded Karen Porter ("Porter") telling Ebbert that her case was closed on September 21, 1999. It is unclear whether Ebbert disputes that this conversation took place. Nevertheless, on November 4, 1999, the EEOC issued Ebbert a second misaddressed notice of right to sue. Ebbert is unsure whether she received this letter.

While Ebbert was unsure as to who told her about the ninety-day time limit and when she first became aware of it, she testified at her deposition that she was aware that "after you receive [the right to sue letter], you've got ninety days."[2] She believes it was either Gurmankin or Porter, who shared this information with her.

On August 14, 2000, Ebbert sent a letter to Porter requesting a status update on her case. In response, Porter informed her that her case was closed and that her right to sue letter had been sent "quite some time ago." Ebbert does not dispute that this conversation took place. On October 16, 2000, the EEOC sent Ebbert her third right to sue notice. This notice was correctly addressed.

Ebbert filed the instant suit on January 16, 2001.

## IV. DISCUSSION

### A. Did Ebbert Have Notice Under 42 U.S.C. § 2000e–5?

DaimlerChrysler first argues that Ebbert did not file her lawsuit within ninety

---

1. As they do not affect the issue of whether this case was timely filed, the court will omit the facts concerning Ebbert's rehabilitation and subsequent actions with regard to her employment at DaimlerChrysler.

2. As best can be discerned from the record and the parties' briefs, this conversation appears to have occurred at some point during 1999.

days after the EEOC first gave her notice of her right to sue. For the reasons that follow, the court agrees.

■ When the EEOC dismisses a charge or decides to take no action, it is required to notify the aggrieved party. *See* 42 U.S.C. § 2000e–5(f)(1). Generally, the issuance of a right to sue letter by the EEOC ensures that a plaintiff has notice of the EEOC's decision not to pursue the complaint and the necessity of filing a complaint in federal court for further redress. In the absence of evidence to the contrary, it is presumed that the plaintiffs receive their right to sue letter three days after mailing. *See* Fed.R.Civ.P. 6(e). Plaintiffs have ninety days from the date they receive notice of their right to sue to file a complaint in federal court. Without evidence that a plaintiff did not receive notice of a right to sue, any attempt to file a complaint even one day after the ninety day time period must result in dismissal. *See Mosel v. Hills Department Store, Inc.*, 789 F.2d 251, 253 (3d Cir.1986) (citing cases); *see also Baldwin Cty. Welcome Ctr., v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) (concluding that "procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

Although the notice by the EEOC may take the form of a right to sue letter, there is no such statutory requirement. *See* 42 U.S.C. § 2000e–5(f)(1) (stating that the EEOC "shall ... *notify* the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent") (emphasis added); *see also Mosel*, 789 F.2d at 252–53 (finding that § 2000e–5(f)(1) "has been construed liberally such that time for filing complaint begins to run when plaintiff has notice of EEOC decision; this

*usually* occurs on the date he receives a right-to-sue letter") (emphasis added); *Cook v. Providence Hosp.*, 820 F.2d 176, 178 (6th Cir.1987) (concluding that allowing plaintiff to claim lack of knowledge of EEOC determination where EEOC official told plaintiff her file was closed and right to sue notice had been issued would be an "illogical, absurd result"); *cf.* 29 C.F.R. § 1601.28(a)(2) (stating that EEOC *may* issue notice at any time prior to expiration of 180 days from date charge originally was filed) (emphasis added). In a similar situation to this case, another court stated:

> Both ... [of the plaintiff's] arguments [regarding the beginning of the 90 day period] focus on the receipt of the *determination letter* rather than receipt of *notice* of the EEOC decision. While the Third Circuit has acknowledged that notice *usually* occurs on the date the plaintiff receives the determination letter, it does not direct that notice must be received in this (or any specific) manner. Where ... the written notice was never received after passage of considerable time, I[sic] will focus my inquiry on whether ... [the plaintiff] received any notice on any date and, if so, whether such notice should be deemed to suffice for purposes of the statute.

*McCullough v. CSX Transp. R.R. Co.*, 1995 WL 141494, at *2 (E.D.Pa. Mar.31, 1995) (citing *Mosel*, 789 F.2d at 252) (internal quotations and citations omitted) (emphasis in original).

Therefore, the crucial issue before the court is what Ebbert knew and when she knew it. If the court finds that Ebbert had actual notice equivalent to the information contained in her right to sue letter, and she failed to bring suit within ninety days of such notice, then the court must grant summary judgment in favor of DaimlerChrysler. It is undisputed that the EEOC erred by sending two right to sue

letters to an incorrect address in 1999. Ebbert claims she never received them, and the court must accept that as true. Thus, the question becomes, did Ebbert have other actual notice of the information contained in the right to sue letters *before* October 16, 2000—ninety days prior to the filing of her complaint? The court concludes that she did.

There is no dispute that the EEOC issued Ebbert a right to sue letter around March 17, 1999. Ebbert contends that she never received this letter. The existence of this letter is irrelevant, however, since the EEOC later informed her that the letter was premature. It further informed her that its investigation of her case was continuing. She, therefore, had no reason to believe her case had been dismissed at this point. Thus, the court will not base any part of its decision on events surrounding the first right to sue letter.

There is further no dispute that the EEOC issued Ebbert a second right to sue letter on November 4, 1999. It is disputed whether she received this letter. However, because the letter was sent to her prior address after she had properly notified the EEOC of her new address, the court will presume she never received it. Ebbert claims that, because she never received this letter, the ninety day period limitations period could not have started in November 1999.

The flaw in her logic, however, is that it relies on the actual receipt of the right to sue letter. The record is less than clear as to the specific dates of Ebbert's conversations with the EEOC and the exact content of each of these conversations. What is clear, however, is that, at some point prior to October 16, 2000, Ebbert had actual notice that the EEOC was not pursuing her complaint and that she was constrained by time limits on filing a private suit once her complaint had been administratively dismissed.

Even reading the record in the light most favorable to Ebbert, the following facts emerge. According to Ebbert's deposition testimony, and the recitals in her answering brief to this motion, a member of the EEOC staff, most likely either Gurmankin or Porter, discussed the right to sue letter with her. Specifically, in her deposition testimony, she acknowledged that the member of the EEOC staff with whom she spoke "always" assured her that, after she received the right to sue letter, she had ninety days to bring a private lawsuit.

On August 14, 2000, Ebbert sent a letter to Porter requesting the status of her case. In response to that letter, Porter telephoned her. During that telephone conversation, she informed Ebbert that her case was closed, and that the right to sue letter had been sent "quite some time ago." Ebbert acknowledged her disappointment over this information in a letter to Porter dated August 23, 2000.

Thus, based on these facts, construed in Ebbert's favor, it is clear that prior to October 16, 2000, she knew there was a ninety day time limitation to file a private suit. Furthermore, she was aware in August 2000, at the latest, that her EEOC case was closed. Had she received her right to sue letter, it would have informed her that her case was closed, and she had ninety days to bring a private lawsuit. Ebbert's knowledge is clearly equivalent to having received her right to sue letter. Accordingly, it is fair to say that the ninety day time period began to run in August 2000.

Barring equitable tolling, her January 16, 2001 complaint was thus untimely filed.

## B. Equitable Tolling Considerations

■ The record is devoid of any equitable considerations which would allow the court to toll the ninety day statute of limitations period. Although the court must liberally construe the statute of limitations in determining when the time begins to run, it correspondingly must strictly construe when it ends. *See, e.g., Mosel,* 789 F.2d at 253 (citation omitted). There are specific situations in which a court can equitably toll the statute: (1) where a defendant actively misled a plaintiff regarding a claim, (2) where a plaintiff has, in "an extraordinary way," been prevented from asserting his rights, or (3) where a plaintiff timely asserted a claim but in the wrong forum. *See, e.g., Seitzinger v. Reading Hosp. and Med. Ctr.,* 165 F.3d 236, 240 (3d Cir.1999) (citing cases). In addition, the court cannot even consider equitably tolling the statute of limitations unless the plaintiff exercised due diligence in pursuing his claim. *See, e.g., Baldwin,* 466 U.S. at 151, 104 S.Ct. 1723; *cf Wilson v. Dept. of Veterans Affairs,* 65 F.3d 402, 404 (5th Cir.1995) (stating that "we have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights") (internal citations and quotations omitted). Moreover, where the EEOC has orally notified the plaintiff that it found no evidence of discrimination, and that his charge had been dismissed, the plaintiff is not entitled to equitable tolling of the ninety day filing period. *See Thornton v. South Central Bell Tel.,* 906 F.Supp. 1110, 1117 (S.D.Miss.1995).

■ The record demonstrates that Ebbert was not diligent in pursuing her claim. Around March 1999, there is evidence to support Ebbert's contentions that she diligently called the EEOC. After that time period, there is no evidence that she continued that practice. Instead, the record reflects sporadic letters and telephone calls. According to Gurman's November 20, 2001 affidavit, the EEOC case log details the following contacts with Ebbert. On September 21, 1999, Porter informed Ebbert that her charge was being dismissed, and that there would be no further investigation. The EEOC sent Ebbert's right to sue letter on November 4, 1999. On August 23, 2000, Ebbert wrote to the EEOC, stating that she had not received the November 4, 1999 right to sue letter. Additionally, the record reveals that Ebbert sent a letter to the EEOC dated October 30, 1999, which requested a meeting with them. She sent them another letter on approximately August 14, 2000. As a result of that letter, Ebbert and Porter engaged in a telephone conversation at some point shortly thereafter.

Thus, the record reveals that Ebbert showed little concern for her case between approximately October 10, 1999 and August 2000, when she requested a status check. This can hardly be considered diligence. Moreover, as the above discussion demonstrates, Ebbert was not misled, was not prevented from asserting her rights, and did not assert her claim in an incorrect forum. On the contrary, she was simply not diligent in obtaining a copy of her right to sue letter.[3] This is not a case in which a confused plaintiff was kept in the dark.

---

3. Ebbert argues in part that, because she informed the EEOC that she had moved, she was diligent. However, Ebbert had a duty to notify the EEOC of her change of address. Furthermore, it is amply clear that communications from the EEOC were not arriving at her new address. Ebbert also acknowledges in her deposition testimony that she was aware of this problem. After 1999, there is little evidence in the record to indicate that she in any way attempted to correct the EEOC's admittedly on-going, careless error until August 2000.

In response, Ebbert argues that she was entitled to rely on EEOC staff statements that she had "ninety days to file suit *upon receipt of the Notice of Right to Sue Letter.*" (emphasis added). The court must disagree. It is clear that "misstatements of the law by EEOC personnel do not necessarily require equitable tolling of a statute of limitations." *See Garrison v. Town of Bethany Beach,* 131 F.Supp.2d, 585, 590, n. 10 (D.Del.2001); *see also Camack v. Hardee's Food Sys. Inc.,* 410 F.Supp. 469, 474 (M.D.N.C.1976) (concluding "that equity should not force a defendant innocent of deception to suffer loss of a statutory immunity simply because a third party either deliberately or negligently misled the plaintiff.")

Ebbert finally argues that the October 16, 2000 right to sue letter "rescinded" the other two letters. The court acknowledges that, in his affidavit, Gurmankin states that the third letter rescinded the previous letters. However, the EEOC's regulations provide that (1) an earlier right to sue letter remains operative until it is revoked; and (2) that before sufficient revocation may take place, the EEOC must issue a notice of intent to reconsider to both parties within a certain time period. *See* 29 C.F.R. §§ 1601 .19, 1601.21; *see also McHenry v. Commonwealth of Pa. State System of Higher Ed.,* 50 F.Supp.2d 401, 407 (E.D.Pa.1999) (noting that, "[t]he circumstances under which the EEOC may rescind a Right to Sue Letter [are] so circumscribed, that if the rescission is not made pursuant to a reconsideration decision under 29 C.F.R. § 1601.2, it is deemed to be invalid.")

On the present facts, the EEOC did not issue the third notice of right to sue because it had reconsidered its prior determination. Rather, as Ebbert admits, the third right to sue notice was issued because she told the EEOC that they had sent the second letter to the wrong address. Thus, as there was no reconsideration, the court must examine the timeliness of the suit from the prior right to sue notice. *See Mitchell v. Electrical Sys., Inc.,* 1997 WL 321763, at *2 (N.D.Ill. June 10, 1997).

Moreover, Ebbert cannot argue that the mere issuance of a third right to sue letter entitles her to equitable tolling. *See Santini v. Cleveland Clinic Florida,* 232 F.3d 823, 825 (11th Cir.2000) (holding that, "[a]s a matter of law, receipt of a second EEOC notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first notice.") To conclude otherwise would be to allow plaintiffs to evade the statutory mandate merely by requesting additional right to sue letters. On the present facts, it is disputed whether Ebbert had actual knowledge of the November 4, 1999 right to sue letter, but as the court previously discussed, it is clear that she had knowledge equivalent to having received that letter.

## V. CONCLUSION

The court concludes that Ebbert had notice in August 2000 that her case had been dismissed and that a ninety day time limitation applied to dismissed cases. Furthermore, the principles of equitable tolling and rescission do not offer Ebbert any relief.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. DaimlerChrysler's Motion for Summary Judgment (D.I.79) is GRANTED.

2. Judgment BE AND IS HEREBY ENTERED in favor of DaimlerChrysler.