

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Ebbert v. DaimlerChrysler Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2143

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ebbert v. DaimlerChrysler Corp" (2005). *2005 Decisions*. Paper 1359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 04-2143


CYNTHIA A. EBBERT,

                                                    Appellant

v.

DAIMLERCHRYSLER CORPORATION,
a Delaware Corporation


On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 01-00029)
Honorable Gregory M. Sleet, District Judge


Submitted under Third Circuit LAR 34.1(a)
April 8, 2005

BEFORE: BARRY, AMBRO, and GREENBERG, Circuit Judges

(Filed April 14, 2005)


OPINION OF THE COURT


GREENBERG, Circuit Judge.

    This matter comes on before the court on Cynthia A. Ebbert's appeal from an order

for summary judgment entered on March 25, 2004, in this action that she brought under

the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., against DaimlerChrysler

Corporation. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and

we have jurisdiction under 28 U.S.C. § 1291. The district court set forth the background

of the case in its memorandum opinion of March 25, 2004, and there is some reference to

the history and facts of the case in the district court's prior opinion, Ebbert v.

DaimlerChrysler Corp., 192 F. Supp.2d 303 (D. Del. 2002), dealing with the timeliness of

this action, and in our opinion in Ebbert v. DaimlerChrysler Corp., 319 F.3d 103 (3d Cir.

2003), reversing the district court's order granting DaimlerChrysler summary judgment.

The proceedings we now review ensued following the remand we directed in our

disposition of the earlier appeal.

Ebbert on this appeal raises two points:

I. The defendant did not engage in an 'interactive process' when it never met with the plaintiff, never talked to the plaintiff about her capabilities, and never made an individualized analysis of her abilities, but rather characterized her abilities by defendant's own stereotyping and prejudice.

II. The lower court erroneously refused to permit the plaintiff a full opportunity for discovery, with respect to discovery requests filed before discovery deadlines in order to determine if there were job vacancies within the plaintiff's capabilities.

Appellant's br. at i.

The parties are in agreement that we exercise plenary review in considering the

first issue, which the court resolved in granting summary judgment, see Kopec v. Tate,

361 F.3d 772, 775 (3d Cir.), cert. denied, 125 S.Ct. 453 (2004), and thus we can affirm

2

with respect to that issue only if we conclude "that there is no genuine issue as to any material fact and that the moving party [DaimlerChrysler] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). They also agree that we review the second issue on an abuse of discretion basis. See Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000).

After our review of this matter it appears that sufficient evidence shows that Ebbert, whose determination to return to work we admire, could not perform the essential functions of her former position or any other position that might be available for her with or without reasonable accommodations and thus she cannot prevail in this matter. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999); Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998). Moreover, though the district court indicated that there "can be little dispute that Ebbert has set forth sufficient facts to sustain" her claim that her employer took an adverse action as a result of her disability, we question whether this is so. District court op. at 9 n.5. In fact, the record shows that DaimlerChrysler sought to accommodate Ebbert and that any adverse action it took was because it could not employ her as she was unable to perform the functions of any position available to her. Indeed, we agree with the district court that "the undisputed record evidence establishes that DaimlerChrysler acted with equanimity under the circumstances." Id. at 14 n.8.

We also point out that there is some question as to whether Ebbert's application to the Social Security Administration for disability benefits should bar this action because

she represented in her application that she was disabled. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06, 119 S.Ct. 1597, 1603 (1999); Motley v. New Jersey State Police, 196 F.3d 160, 163-64 (3d Cir. 1999). The district court in its opinion indicated that DaimlerChrysler raised this inconsistency point but the court avoided determining the consequence of the inconsistency because it placed its decision on other bases. Though we take the same approach as the district court on the social security application issue we do doubt that Ebbert has tendered a satisfactory explanation of the inconsistency between her claims under the ADA and the Social Security Act.[1]

Finally we consider Ebbert's contention that the district court abused its discretion in limiting discovery. After our review of this matter, we find no merit to this contention and will not discuss it further.

For the foregoing reasons we will affirm the order for summary judgment entered March 25, 2004.

_____

[1]We do not reach this point because it is not necessary to do so and not because we cannot do so. Thus, we reject Ebbert's contention that the circumstance that the district court did not pass on the point precludes us from reaching it. See appellant's reply br. at 18 n.3. If a party raises an issue in the district court it can raise the issue on appeal even if the district court did not rule on the point.