William L. DEFRANCESCO,

v.

WEIR HAZELTON, INC.

No. Civ.A. 05–2043.

United States District Court, E.D. Pennsylvania.

Dec. 20, 2005.

Brian K. Wiley, Penglase Wiley & Benson, Doylestown, PA, for William L. DeFrancesco.

David J. Staudt, Rhoads & Sinon LLP, Harrisburg, PA, for Weir Hazelton, Inc.

## MEMORANDUM

DALZELL, District Judge.

William L. DeFrancesco filed a five-count complaint alleging that Weir Hazleton, Inc.[1] ("Weir") unlawfully terminated his employment because of his age. We granted the defendant's motion to dismiss the first amended complaint,[2] but allowed the plaintiff to reassert three of the five counts in a second amended complaint.

Weir now asks that we reconsider[3] one portion of our dismissal order, which permitted DeFrancesco to reassert his claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* As will be seen, Weir has identified an anomaly in federal employment law that courts have failed to detect for over four years.

### Factual Background

DeFrancesco worked for Weir and its predecessors for just under thirty-eight years. *See* First Am. Compl. ¶ 14. On April 19, 2004, Weir notified DeFrancesco by letter that his position was being eliminated. *See id.* ¶ 16, Att. A, Letter of Apr. 19, 2004.[4]

Then, on April 30, 2004, Weir gave DeFrancesco a Separation and Release of Claims Agreement ("Agreement"), which offered severance equal to twenty-six weeks of DeFrancesco's base salary (minus payroll taxes), if DeFrancesco signed the Agreement. *See id.* ¶ 15, Att. A, Agreement ¶ 2. Attached to the Agreement was an ADEA Section 7(f)(1)(H) Disclosure Statement ("Disclosure"). *See id.* ¶ 18, Att. A, Disclosure. The Disclosure provided "the job title and ages of all individuals eligible or selected for the program," listed fifty-five employees—from 28 to 62 years old[5]—and indicated that three were selected for termination. *See id.* Att. A, Disclosure. The three included DeFrancesco, who was 59 years old at the time, and two other employees, who were 51 and 61. *See id.* ¶ 30, Att. A, Disclosure.

DeFrancesco signed the Agreement. *See id.* ¶ 53. After doing so, he learned that Weir had selected seventeen workers over the age of forty for termination. *See id.* ¶ 26. DeFrancesco then dual-filed an administrative charge alleging age discrimination with

---

1. While the complaint spells defendant's name "Weir Hazlton," defendant's recent submissions, filed in compliance with our Dec. 14, 2005 Order, make clear that it is properly spelled "Weir Hazleton." We leave undisturbed the caption as the Clerk's Office entered it, but spell defendant's name correctly in this Memorandum.

2. The Court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In other words, we will not grant such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.2000) (permitting dismissal "only if it appears that the [plaintiffs] could prove no set of facts that would entitle [them] to relief"). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996).

3. We will grant a motion for reconsideration only if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999).

4. A second amended complaint has been filed in this case. However, since we decided the motion to dismiss on the basis of the first amended complaint, we cite to that iteration here.

5. The Disclosure separately lists the ages of each person holding a particular position. We summarize the age information in the following table:

| Age Range | Number of Eligible Employees | Selected for Termination |
|---|---|---|
| 60–62 | 2 | 1 |
| 50–59 | 23 | 2 |
| 40–49 | 17 | 0 |
| 30–39 | 9 | 0 |
| 20–29 | 2 | 0 |

the Equal Employment Opportunity Commission ("EEOC") and with the Pennsylvania Human Relations Commission ("PHRC"). *See id.* ¶ 5.

The EEOC issued DeFrancesco a dismissal and notice of right to sue ("Notice"), dated January 27, 2005. On April 29, 2005, DeFrancesco filed a complaint alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a). He also alleged fraud, misrepresentation and breach of contract.

On November 30, 2005, we dismissed his PHRA and breach of contract claims with prejudice. *See* Ord. of Nov. 30, 2005 ¶ 1. However, we dismissed his ADEA, fraud and misrepresentation claims without prejudice to their reassertion in a second amended complaint. *See id.* ¶ 2. Weir now asks us to reconsider our decision regarding the ADEA claim, asserting that it should be dismissed with prejudice because DeFrancesco was not entitled to a presumption that he received the Notice three days after it was mailed. By the terms of the Notice, any lawsuit "**must be filed *WITHIN 90 DAYS* from your receipt of this Notice.**" *See* First Am. Compl. Att. A, Notice. Without the three-day presumption, the filing of this lawsuit would exceed that 90–day limit and thus be barred.

*Legal Analysis*

In ruling on Weir's motion to dismiss, we found that DeFrancesco was entitled to a presumption that he received his EEOC Notice three days after it was mailed, and we cited in support *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). *See* Ord. of Nov. 30, 2005 ¶ g. Weir contends that our application of *Baldwin* was an error of law, and therefore DeFrancesco's ADEA claim should have been dismissed with prejudice.

In *Baldwin,* the Supreme Court presumed that the respondent received her EEOC Notice three days after it was mailed. The

Court stated that "[a] notice of right to sue was issued to [the respondent] on January 27, 1981," and found that "[t]he presumed date of receipt of the notice was January 30, 1981," citing Fed.R.Civ.P. 6(e) for this proposition. *Id.* at 148 & n. 1, 104 S.Ct. 1723.

Our Court of Appeals subsequently found that *Baldwin's* reading of Rule 6(e) "create[s] a presumption that the notice was received three days after it was mailed" if "parties dispute the date on which the plaintiff received notice of the EEOC's determination." *Mosel v. Hills Department Store, Inc.,* 789 F.2d 251, 253 n. 2 (3d Cir.1986). Our Court of Appeals more recently reiterated that position in *Seitzinger v. Reading Hospital & Medical Center,* 165 F.3d 236 (3d Cir.1999):

> When the actual date of receipt is known, that date controls. However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it. *See* Fed.R.Civ.P. Rule 6(e); *Mosel,* 789 F.2d at 253 n. 2 (stating that the Supreme Court has suggested that Rule 6(e) applies when parties dispute the date of receipt). Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown.

*Id.* at 239 (internal citations omitted).

Weir asserts that, because of a 2001 amendment to Rule 6(e), *Baldwin's* footnote 1 no longer applies to extend Rule 6(e)'s three-day mailing presumption to EEOC right-to-sue letters. Effective December 1, 2001, Rule 6(e) was amended to state:

> **(e) Additional Time After Service under Rule 5(b)(2)(B), (C), or (D).** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.[6]

---

6. We note that Rule 6(e) was amended again effective December 1, 2005. We only address the version in effect from December 1, 2001

Fed.R.Civ.P. 6(e), eff. Dec. 1, 2001—Nov. 30, 2005. When the Supreme Court decided *Baldwin* in 1984, Rule 6(e) stated:

**(e) Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Fed.R.Civ.P. 6(e), eff. Aug. 1, 1983—Apr. 28, 1985.

Weir contends that "[a]fter the 2001 Amendment, Rule 6(e) became qualified, and limited by reference to Rule 5(b) to cases in which *parties* or the *court* serve on other parties" orders, pleadings, motions and other papers, as described in Rule 5(a). Def.'s Mot. for Recons. 5. Thus, Weir argues that Rule 6(e) no longer creates a presumption that an EEOC right-to-sue notice is received three days after it was mailed. Weir does not cite any case in which a federal court has held this, and, in fact, cites only one case to support its argument, *Rogers v. Russ Davis Wholesale, Inc.*, No. 02–4306, 2003 WL 1610786, 2003 U.S. Dist. LEXIS 4067 (D.Minn. Mar. 17, 2003). There, the court commented on the plaintiff's citation to *Baldwin* and "questions the continued viability of the Supreme Court's application of Federal Rule of Civil Procedure 6(e) to the mailing of a right-to-sue notice" in light of the December 2001 amendment, noting that "[a]n EEOC right-to-sue notice is not a 'pleading or other paper' within the scope of Rule 5 of the Federal Rules of Civil Procedure." *Id.* at *3, n. 5, 2003 U.S. Dist. LEXIS 4067 at *11 n. 5.

Many federal courts have continued to apply Rule 6(e) after the 2001 amendment. *See, e.g., Barrett v. Rumsfeld,* No. 05–6055, 2005 WL 3196750, at *2, 2005 U.S.App. LEXIS 26264, at *6 (10th Cir. Nov. 30, 2005) ("Based on Rule 6(e), the Supreme Court has established a presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice."); *Miller v. Bristol Compressors, Inc.,* No. 05–83, 2005 WL 3263053, at *2, 2005 U.S. Dist. LEXIS

30599, at *5 (W.D.Va. Dec. 2, 2005) ("[W]hen the date of receipt of the EEOC right-to-sue letter is unknown or in dispute, the court may apply the three-day presumption derived from Fed.R.Civ.P. 6(e) to find that the letter was received three days after mailing."); *Ashworth v. Carillon Assisted Living of Asheboro, LLC,* No. 02–749, 2004 WL 1118583, at *2, 2004 U.S. Dist. LEXIS 8968, at *4 (D.N.C. May 17, 2004) ("In the absence of evidence of the date on which the right-to-sue letter was received, the Court will follow Federal Rule of Civil Procedure 6(e) and presume that the letter arrived three days after it was mailed."); *Williams v. St. Joseph's Hosp.,* No. 02–6467, 2003 WL 23350424, at *4, 2003 U.S. Dist. LEXIS 25033, at *12 (W.D.N.Y. Oct. 14, 2003) ("[T]he EEOC issued a right to sue letter to plaintiff on May 20, 2002. The Court must assume that plaintiff received the right to sue letter on May 23, 2002. FED.R.CIV.P. 6(e).").

District courts in this Circuit have also continued to apply Rule 6(e) to EEOC right-to-sue letters after the December 2001 amendment. *See Black v. U.S. Postal Serv.,* No. 04–2393, 2005 WL 1388629, at *3 n. 1, 2005 U.S. Dist. LEXIS 11287, at *8 n. 1 (E.D.Pa. June 7, 2005) (Where EEOC presumed its right-to-sue notice was received five days after it was mailed, the court noted that "[t]he EEOC's presumption is not the only applicable standard for determining the receipt of a mailing. *Fed.R.Civ.P 6(e)* provides a three-day presumption of receipt by mail when the date of receipt [is] unknown."); *Dupree v. United Food & Commercial Workers Union,* No. 03–930, 2005 WL 41562, at *2, 2005 U.S. Dist. LEXIS 167, at *4–5 (D.Del. Jan. 7, 2005) ("When the receipt date of the right to sue letter is in dispute, and there is no evidence pertaining to when the letter was actually received, Rule 6(e) of the Federal Rules of Civil Procedure will control by invoking the presumption of receipt within three days of mailing."); *Allen v. AMTRAK,* No. 03–3497, 2004 WL 2830629, at *3, 2004 U.S. Dist. LEXIS 24846, at *8–9 (E.D.Pa. Dec. 7, 2004) ("In accordance with Federal Rule of Civil Procedure 6(e), absent evidence

through November 30, 2005, which encompasses

the relevant period for this case.

of the exact date of the receipt of the notice, it is presumed that the date of receipt of an EEOC right-to-sue letter is three days after its mailing.").

Thus, the weight of authority in this and other circuits supports the continued application of Rule 6(e) to EEOC right-to-sue letters.

We also find guidance in our Court of Appeals's recent decision, *Wilson v. Beard*, 426 F.3d 653 (3d Cir.2005), a habeas case in which the Commonwealth of Pennsylvania argued that the district court erred in applying Rule 6(e) to determine the limitations period for Wilson's habeas petition.[7] The Assistant District Attorney who prosecuted Wilson's case had made a videotape, discussing jury selection techniques, in which he advised using peremptory strikes to keep certain types of African–Americans from serving on criminal juries, in apparent violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See Wilson*, 426 F.3d at 655. The District Attorney's Office had written to Wilson's counsel on April 3, 1997 to inform him about the existence of this videotape which gave Wilson grounds for a habeas petition. *See id.* at 663. The district court applied Rule 6(e) to add three days from the date of mailing, thus deeming the letter received on April 6, 1997, and the habeas petition timely. *See id.*

The Commonwealth, not unlike Weir, argued "that Rule 6(e) is a rule of service that applies only to parties in a lawsuit," and that since Wilson could not be a party to his suit before it was filed, Rule 6(e) did not apply to him. *See id.* Wilson responded by citing to our Circuit's application of Rule 6(e) to EEOC right-to-sue letters. *See id.* Our Court of Appeals—four years after the 2001 amendment—accepted Wilson's analogy and found that "the logic of *Seitzinger* is equally

applicable to the habeas context." *See id.* at 664. It explained that:

> [G]iven that federal courts must add some additional period of days to the limitations period to account for the time it takes for a letter to be received, we think it eminently sensible to apply Rule 6(e). *Cf. Seitzinger*, 165 F.3d at 239. We therefore conclude that, in the absence of proof of the actual date of receipt, three days should be added to the habeas limitations period for Wilson's petition. Since the Commonwealth concedes that 'it could not be said with absolute certainty when Mr. Wilson received the Commonwealth's April 3, 1997 letter,' it was not error for the District Court to apply Rule 6(e).

*Id.*

■ While the 2001 version of Rule 6(e) was not at issue in *Wilson*, the Court of Appeals was explicitly concerned with the practical problem that *some* time must be added to account for mailing when the date of receipt is uncertain.[8] Such reasoning suggests that DeFrancesco is entitled to a three-day presumption. Therefore, the weight of judicial authority, as well as our Court of Appeals's very recent reasoning in *Wilson*, support our application of Rule 6(e) to De-Francesco's receipt of the EEOC right-to-sue letter.

Weir is surely correct, however, that, at a minimum, a tension exists between Rule 6(e)'s 2001 amendment expressly referencing Rule 5 and its continued application to EEOC right-to-sue letters. Using Rule 6(e) as an analogous grace period does violence to the evident purpose of the amendment's authors, who manifestly wanted to confine the Rule's grace to court filings. Can federal courts look to a Rule, even as an analogy, to do something the Rule's drafters forbid?[9]

---

7. The one-year limitations period for habeas petitions by state prisoners "begins to run on the latest of several dates, including 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Wilson*, 426 F.3d at 659 (quoting 28 U.S.C. § 2244(d)(1)(D)).

8. Determining the date of mailing is not always a simple problem, either. *See, e.g., Rivkin v. Coun-

ty of Montgomery*, 153 F.R.D. 572 (E.D.Pa.1994) (after hearing pursuant to Fed. R.App. P. 4(a)(5), deciding whether "excusable neglect" existed as to the tardy mailing of a notice of appeal).

9. It is worth recalling the Civil Rules' expansive coverage. They "govern the procedure in the United States district courts in all suits of a civil nature" save those limitations identified in Rule 81(a), which are inapplicable here. *See* Fed. R.Civ.P. 1.

In short, we are presented with a jurisprudential Möbius strip.

■ To deal with exquisite and often elusive puzzles like this, 28 U.S.C. § 1292(b) allows a district court to certify an interlocutory appeal when the matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Here, Weir has raised a question as to which there is a substantial ground for reasonable people to differ. Also, as DeFrancesco's ADEA claim

is the sole ground for federal jurisdiction,[10] no party has offered proof of when the letter was received,[11] and if he is deemed to have received the letter on the date it was mailed, his sole federal claim is untimely.[12] Therefore, we shall certify this question for interlocutory appeal:

Does Federal Rule of Civil Procedure 6(e), as amended effective December 1, 2001, continue to apply to EEOC right-to-sue letters?

*Conclusion*

Because the weight of judicial authority in this Circuit and others supports the contin-

---

**10.** DeFrancesco avers that, in addition to federal question jurisdiction, this Court has diversity jurisdiction under 28 U.S.C. § 1332. His complaint states that he "is a citizen of the state of Pennsylvania and defendant Weir Hazelton Inc is a corporation incorporated under the laws of a foreign state, Wisconsin, having its principal place of business in a state other than the Commonwealth of Pennsylvania." First Am. Compl. ¶ 2; *see also* Second Am. Compl. ¶ 2. DeFrancesco has since explained that he claimed Weir was a Wisconsin corporation because the April 19, 2004, termination letter stated that Weir was "in the process of consolidating some of the Hazleton operations with Madison and moving them to the Madison location." First Am. Compl. Att. A, Letter of Apr. 19, 2004. However, Weir has submitted its "Basic Entity Information" document from the Pennsylvania Department of State, describing the entity as a "PENNSYLVANIA BUSINESS CORPORATION" under the jurisdiction of "PA." *See* Supp. Br. on Issue of Subject Matter Jurisdiction Ex. A. Weir also submitted a Declaration of its Controller, with supporting documentation, that Weir "is a corporation incorporated under the laws of Pennsylvania" and that its "principal place of business is in Hazleton, Pennsylvania." *Id.* Ex. B ¶¶ 2–3.

This supplemental evidence makes clear that Weir is indeed a Pennsylvania corporation for jurisdictional purposes. Since DeFrancesco is a Pennsylvania citizen, diversity of citizenship does not exist. Thus, the sole basis for our jurisdiction is the ADEA claim.

**11.** Neither party disputes that the Notice was mailed on January 27, 2005. The Notice states that any lawsuit "**must be filed WITHIN 90 DAYS from your receipt of this Notice.**" *See* First Am. Compl. Att. A, Notice. DeFrancesco filed this lawsuit on April 29, 2005, the 92nd day after the notice was mailed. Adding three days makes the date of receipt January 30, 2005, and since that is a Sunday, receipt would be presumed on January 31, 2005. Thus, with a Rule 6(e) three-day presumption, his complaint was filed on the 88th day after he received the Notice, and is therefore timely. Without the three-day

presumption, and absent any evidence as to when he actually received the Notice, this lawsuit would be untimely and therefore barred.

**12.** We note that Weir also advances the argument that even if Rule 6(e) continues to apply to EEOC right-to-sue letters, it would not apply here because the date of receipt is known and undisputed. Weir contends that "plaintiff has now twice pled that he *actually received* the Notice on January 27, 2005," and that "[a]t the motion to dismiss stage, the plaintiff's factual allegations must be accepted as true." Def.'s Mot. for Recons. 8.

At the threshold, Weir is certainly correct that DeFrancesco's own pleadings give heft to Weir's contention. Paragraph 6 of the First Amended Complaint begins with the words, "The Plaintiff received his Notice of Rights to Sue from the E.E.OC. [*sic*] on January 27, 2005." But footnote 1 to that paragraph ambiguously reads, in full, "The E.E.OC. [*sic*] Notice was signed on January 27, 2005. The Complaint was filed within the three day period granted for mailing on, [*sic*] April 29, 2005."

More to the point, on a motion to dismiss under Rule 12(b)(6), we are only required to "accept[] all *well pleaded* allegations in the complaint as true." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir.1997) (emphasis added). DeFrancesco's claim that he received the EEOC notice on the same day it was mailed is unquestionably not "well pleaded," and is, in fact, nonsensical. He admits as much in his response to Weir's motion to dismiss, where he states that he "did not (and could not) receive his Right-to sue [*sic*] letter on January 27, 2005, the same day it was actually signed by the E.E.O.C [*sic*] representative." Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 4. Moreover, neither party alleges that notice was received by any means other than a letter signed and mailed by an EEOC representative on January 27, 2005. Thus, we cannot accept that DeFrancesco actually received the EEOC notice on the same day it was entrusted to the United States Postal Service. If the Rule 6(e) three-day presumption applies, this lawsuit was timely filed.

**460**

ued application of Rule 6(e) to EEOC right-to-sue letters, Weir has not identified a clear error of law in our decision allowing for a presumption that DeFrancesco received his right-to-sue letter three days after the EEOC mailed it. We therefore shall deny Weir's motion for reconsideration.

However, given the plain text of the 2001 amendment to Rule 6(e), Weir has identified a substantial ground for difference of opinion on an important threshold question that affects a large body of federal civil litigation. Having gone unrecognized for over four years, it is certainly a question best answered sooner rather than later. We shall therefore certify that question to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1292(b).[13]

An appropriate Order follows.

### ORDER

AND NOW, this 20th day of December, 2005, upon consideration of defendant's motion for reconsideration (docket entry # 24) and plaintiff's response thereto, and in accordance with the accompanying Memorandum, it is hereby ORDERED that:

1. Defendant's motion for reconsideration is DENIED; and

2. This Court, being of the opinion that this Order, and the foregoing Memorandum in support of it, involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation, hereby CERTIFIES the following question to the United States Court of Appeals for the Third Circuit:

> Does Federal Rule of Civil Procedure 6(e), as amended effective December 1, 2001, continue to apply to EEOC right-to-sue letters?

---

**13.** We remind the parties that by its terms § 1292(b) gives only a ten-day window to petition the Court of Appeals for permission to appeal under Fed. R.App. 5(a).