**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3556
_____

REJEANA M. SILLA,
                                        Appellant

v.

HOLDINGS ACQUISITION CO LP D/B/A RIVERS CASINO,
a joint venture Walton Street Capital, LLC and High Pitt Gaming, LP
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00963)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 15, 2021

Before: JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed September 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Rejeana Silla appeals the District Court's order dismissing her complaint. For the reasons that follow, we will vacate the District Court's judgment and remand for further proceedings.

Silla brought this lawsuit against her former employer, Rivers Casino, pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), alleging discrimination, harassment, and retaliation. She also included a state law claim for breach of contract.

On February 25, 2020, Silla filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Rivers Casino, alleging discrimination in violation of the ADA and Title VII. The EEOC investigated her claim and declined to proceed, then issued her a "right-to-sue" letter on March 20, 2020, explaining that she had 90 days from her receipt of the letter to file a lawsuit against Rivers Casino. Silla filed her complaint in the Western District of Pennsylvania on June 26, 2020, ninety-eight (98) days after the issuance of the right-to-sue letter.

Rivers Casino filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Silla's complaint was untimely on its face, as it was filed outside the 90-day limitations period after receipt of her right-to-sue letter from the EEOC. The District Court agreed and dismissed Silla's ADA and Title VII claims with prejudice.[1] Silla timely filed a notice of appeal.[2]

---

[1] Also, the District Court declined to exercise supplemental jurisdiction over Silla's state-law claims, given its dismissal of her federal claims. See 28 U.S.C. § 1367(c)(3).

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over an order dismissing claims under Rule 12(b)(6). See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

For Title VII and ADA actions,[3] a claimant must first "submit information to the EEOC and . . . wait a specified period before commencing a civil action" in federal court. Fort Bend Cnty., Texas v. Davis, 139 S. Ct. 1843, 1851 (2019). Then, should the EEOC decline to proceed on the claim, the corresponding action in federal court must be commenced within 90 days of receipt of a "right-to-sue" letter from the EEOC. 42 U.S.C. §2000e-5(f)(1); see also Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 252 & n. 1 (3d Cir. 1986). We treat this 90-day requirement as a statute of limitations, rather than a jurisdictional prerequisite. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F. 3d 236, 239-40 (3d Cir. 1999).

A statute of limitations is an affirmative defense that normally must be raised in an answer to the complaint. See Fed. R. Civ. P. 8(c). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v.

---

[2] Although Silla initiated this action pro se, she obtained representation during the pendency of this appeal and filed her reply brief through counsel.

[3] The ADA incorporates by reference Title VII's "powers, remedies, and procedures." 42 U.S.C. § 12117 (2000). The relevant parts of Title VII are codified at 42 U.S.C. § 2000e–5(f)(1).

3

Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir.1978)).

Here, the District Court granted Rivers Casino's motion to dismiss because Silla's right-to-sue letter was issued on March 20, 2020—as she pleaded in her complaint—and she did not file her suit until 98 days later, on June 27, 2020. In so doing, the District Court relied on Federal Rule of Civil Procedure 6(d), which provides for a presumption of receipt three days after service by mail. We have previously endorsed using this presumption in ruling on a motion for summary judgment under Rule 56, "in the absence of other evidence" of the actual receipt date of the EEOC's right-to-sue letter. Seitzinger, 165 F.3d at 239.[4] But "[w]hen the actual date of receipt is known, that date controls." Id. Employing the presumption, because "Silla made no representations as to the date she received the letter in her Amended Complaint," Op. 5 n.3, ECF No. 16, the District Court held that Silla presumptively received the letter on March 23, 2020, so her complaint was five days late when filed 95 days after the presumed receipt.

However, that Silla made no representations about the date of receipt of the letter is what precludes a dismissal of her complaint for untimeliness. Without that piece of information, no time-bar was apparent on the face of the complaint. Crucially, a plaintiff "need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to

---

[4] At the time Seitzinger was decided, the relevant provision appeared in Rule 6(e), but has since been moved by amendment to subsection (d). See Fed. R. Civ. P. 6(d).

state a claim simply because it omits facts that would defeat a statute of limitations defense." Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014).

While the District Court is correct that there is a presumption of receipt, a presumption is generally rebuttable by the presentation of contrary evidence. See Fed. R. Evid. 301; Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254–55 (1981); cf. Witt v. Roadway Exp., 136 F.3d 1424, 1429–30 (10th Cir. 1998) ("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service. . . . Because the presumption is rebuttable, however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." (citations omitted)). But a motion to dismiss is decided solely on the four corners of the complaint, exhibits attached thereto, matters of public record, and indisputably authentic documents that the plaintiff's claims rely upon. See Pension Ben. Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196–97 (3d Cir. 1993). The District Court, in employing a rebuttable presumption against Silla at a stage when she had no opportunity to rebut it, erred.[5]

---

[5] The District Court reasoned that even if it had allowed Silla's evidence that she offered in response to the motion to dismiss, that evidence showed only the possibility that she had received the letter around March 27, 2020, thereby rendering her complaint still one day late. Putting aside whether considering the evidence without having provided notice that the motion to dismiss was being converted to a motion for summary judgment would have been error, see Fed. R. Civ. P. 12(d); Bruni v. City of Pittsburgh, 824 F.3d 353, 360–61 (3d Cir. 2016), we note that "around" is not the same as "on," compare ECF No. 12 at 1 ("Plaintiff states that she had received the letter *around* March 27, 2020."), with ECF No. 16 at 5 n.3 ("Ms. Silla in fact did receive the letter *on* March 27, 2020.") (both emphases added). However, we do not opine on whether this action is, in fact, timely. In light of our disposition, we need not reach the questions of whether Silla is entitled to equitable tolling of the statute of limitations, or whether the District Court erred in

For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion. Because the District Court declined to exercise supplemental jurisdiction over the state law claims in light of its ruling on the federal claims, we will also vacate the District Court's ruling as to supplemental jurisdiction and remand to give the District Court an opportunity to consider exercising its jurisdiction over Silla's state law claims. See United States v. Omnicare, Inc., 903 F.3d 78, 94 (3d Cir. 2018).

---

dismissing her claims with prejudice, not providing Silla an opportunity to amend her complaint.